UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UPSTATE NEW YORK ENGINEERS HEALTH FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS PENSION FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS S.U.B. FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS TRAINING FUND, by Theron Hogle and Eugene Hallock, as Trustees; LOCAL 106 TRAINING AND APPRENTICESHIP FUND, by Daniel J. McGraw and Eugene Hallock, as Trustees; OPERATING ENGINEERS LOCAL 17 TRAINING FUND, by James Smolinski, as Administrative Manager; CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its Board of Trustees; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 17, by Gary Swain, as Business Manager; UPSTATE NEW YORK OPERATING ENGINEERS, LOCAL 158, by Daniel McGraw, as Business Manager,

5:21-cv-00344 (BKS/ML)

                          Plaintiffs,

v.

PUMPCRETE CORPORATION,

                          Defendant.
_____

**Appearances:**

*For Plaintiffs:*
Jennifer A. Clark
Blitman & King LLP
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, NY 13204-1415

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER

In a Memorandum Decision and Order entered on February 28, 2022, the Court granted Plaintiffs' motion for default judgment, (Dkt. No. 11), and entered partial judgment in favor of Plaintiffs, including an award of unpaid contributions and deductions, interest, liquidated damages, attorneys' and legal assistants' fees and costs, and audit fees, (Dkt. No. 32). The Court also granted Plaintiffs' request for an order compelling an audit of Defendant from October 1, 2019, to date and gave Plaintiffs permission to file a supplemental application to recover any debt uncovered by the audit, as well as interest, liquidated damages, attorneys' and legal assistants' fees and costs incurred since May 27, 2021, and audit fees. (Dkt. No. 32, at 18–19).[1]

Presently before the Court is Plaintiffs' Motion requesting a total award of $200,649.13, (Dkt. No. 61, at 2; Dkt. No. 61-2, ¶ 12), including $101,888.23 in fringe benefits and deductions (Dkt. No. 61-1, ¶ 9; Dkt. No. 61-2, ¶ 12); $25,723.72 in interest, (Dkt. No. 61-1, ¶ 11; Dkt. No. 61-2, ¶ 12); $23,694.09 in liquidated damages, (Dkt. No. 61-1, ¶ 11; Dkt. No. 61-2, ¶ 12); $42,130.80 in attorneys' and legal assistants' fees since May 27, 2021, (Dkt. No. 61-2, ¶¶ 5, 11–12); $1,436.14 in costs and disbursements, (Dkt. No. 61-2, at ¶¶ 8, 11–12); and $5,776.15 in audit fees, (Dkt. No. 61-1, at ¶ 12; Dkt. No. 61-2, at ¶¶ 10, 12); (*see also* Dkt. No. 71 (supplemental affidavit by Jennifer A. Clark outlining attorney "BJL's" experience in support of application for attorneys' fees); Dkt. No. 71-1 (corrected affidavit by Timothy Dooley)).

---

[1] On March 30, 2022, Plaintiffs filed an Amended Complaint, (Dkt. No. 44), which United States Magistrate Judge Miroslav Lovric designated the operative pleading as it was filed pursuant to Federal Rule of Civil Procedure 15(a)(2), (Dkt. No. 43 (citing Dkt. No. 42 (stipulation between Plaintiff and Defendant George Culp))). The Amended Complaint added Philip Caligiuri as a Defendant and a Fifth and Sixth Cause of Action against Caligiuri. (*See generally* Dkt. No. 44). As Plaintiffs seek a supplemental order as to the default judgment the Court has granted on the Original Complaint, the Court concludes the Amended Complaint has no bearing on the present application. Both of the individual defendants have since been dismissed from this action. (Dkt. Nos. 68, 70).

The Court has carefully reviewed Plaintiffs' request, which is supported by documentary evidence, including detailed billing records, and finds, for reasons stated in the Memorandum Decision and Order, (Dkt. No. 32, at 10–18), Plaintiffs are entitled to a total award of $198,279.38, consisting of $101,888.23 in fringe benefits and deductions; $25,723.72 in interest; $23,694.09 in liquidated damages; $39,761.05 in attorneys' and legal assistants' fees; $1,436.14 in costs and disbursements; and $5,776.15 in audit fees.

Regarding the attorneys' and legal assistants' fees, Plaintiffs request reimbursement at the following rates: $328.00 per hour for work by counsel in 2021; $346 per hour for work by counsel in 2022; $170.00 per hour for work by legal assistants in 2021; $174.00 per hour for work by legal assistants in 2022. (Dkt. No. 61-2, at 30). As explained in the Memorandum Decision and Order (Dkt. No. 32, at 16-17), the Court finds the requested rates for attorneys' fees to be reasonable. *See Grant v. City of Syracuse*, 357 F. Supp. 3d 180, 202–03 (N.D.N.Y. 2019) ("For senior attorneys with more than ten years of experience, the Northern District has found that an hourly rate within the range of $250 to $350 is appropriate." (citing *Pope v. County of Albany*, No. 11-cv-0736, 2015 WL 5510944, at **10–11, 16, 2015 U.S. Dist. LEXIS 123379, at **27–28, 41–42, (N.D.N.Y. Sep. 16, 2015)). However, the Court reduces the legal assistants' rate to $95.00 to bring it within the range awarded by courts in the Northern District. (Dkt. No. 32, at 17); *see, e.g., Bricklayers & Allied Craftworkers Local 2 v. Mainstream Specialties Inc.*, No. 20-cv-463, 2020 WL 6781512, at *4, 2020 U.S. Dist. LEXIS 215527, at *9 (N.D.N.Y. Nov. 18, 2020) (awarding $95 per hour for paralegal work).

Consequently, the Court awards $36,849.30 in attorneys' fees (57.65 hours at the rate of $328.00 per hour and 51.85 hours at the rate of $346.00 per hour) and $2,911.75 in legal assistants' fees (30.65 hours at the rate of $95.00 per hour).

Accordingly, it is

**ORDERED** that Plaintiffs' Motion (Dkt. No. 61) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded: $101,888.23 in supplemental unpaid contributions and deductions; $25,723.72 in interest; $23,694.09 in liquidated damages; and it is further

**ORDERED** that Plaintiffs are awarded $39,761.05 in supplemental attorneys' and legal assistants' fees, $1,436.14 in costs and disbursements, and $5,776.15 in audit fees; and it is further

**ORDERED** that the Clerk is directed to amend the Partial Judgment (Dkt. No. 33) accordingly; and it is further

**ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: July 7, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge